

Entered on Docket
May 25, 2011



_____
Hon. Mike K. Nakagawa
United States Bankruptcy Judge

Georganne W. Bradley
Nevada State Bar No. 1105
Kaempfer Crowell Renshaw
Gronauer & Fiorentino
8345 West Sunset Road, Suite 250
Las Vegas, NV 89113-2092
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: gbradley@kcnvlaw.com

Counsel for Debtor and Debtor-in-
Possession, A-NGAE1, LLC

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>A-NGAE1, LLC, a Nevada limited liability company,<br><br>  Debtor. | Case No. 10-18719-MKN<br><br>Chapter 11<br><br>**ORDER APPROVING DISCLOSURE STATEMENT AND CONFIRMING DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 17, 2011**<br><br>Date:  May 18, 2011<br>Time:  11:00 a.m. |

On February 17, 2011, the above-captioned debtor, A-NGAE1, LLC (the "Debtor"), and its parent, N.G.A.#2, LLC (collectively, the "Parent"), filed the Disclosure Statement for Debtor's Plan of Reorganization Dated July 27, 2009 [Docket No. 40] (the "Disclosure

1  Statement"),[1] the Debtor's Plan of Reorganization Dated July 27, 2009 [Docket No. 41] (the
2  "Original Plan"), and the Amended Plan of Reorganization Dated February 17, 2011 [Docket
3  No. 42] (the "Amended Plan").

4      A combined hearing (the "Combined Hearing") was held before this Court on May 18,
5  2011, to consider approval of the Disclosure Statement and confirmation of the Amended Plan.
6  Georganne W. Bradley of the law firm of Kaempfer Crowell Renshaw Gronauer & Fiorentino
7  appeared on behalf of the Debtor. No other persons entered an appearance at the Combined
8  Hearing.

9      At the conclusion of the Combined Hearing, after due deliberation and good cause
10 appearing, the Court found that the Disclosure Statement contains adequate information as that
11 term is defined in Section 1125(a) of the Bankruptcy Code, and confirmed the Amended Plan.
12 The Court made detailed and comprehensive findings of fact and conclusions of law
13 (collectively, with the other finding set forth herein, the "Findings") on the record pursuant to
14 Rule 7052, made applicable to this proceeding pursuant to Rule 9014 of the Federal Rules of
15 Bankruptcy Procedure. Such Findings are incorporated herein by reference. Each finding of fact
16 set forth or incorporated by reference herein, to the extent that it is or may be deemed a
17 conclusion of law, shall also constitute a conclusion of law. Each conclusion of law set forth or
18 incorporated by reference herein, to the extent it is or may be deemed a finding of fact, shall also
19 constitute a finding of fact. As a result of and based on such Findings:

20 **IT IS HEREBY ORDERED THAT:**

21     A.    **Disclosure Statement Approved**. The Disclosure Statement contains adequate
22 information as that term is defined in section 1125(a) of the Bankruptcy Code and is hereby
23 approved.

24     B.    **Amended Plan Confirmed**. The Amended Plan is CONFIRMED and the New
25 Operating Agreement that is attached as *Exhibit "A"* to the Amended Plan is approved and shall

---

[1] Capitalized terms used herein shall have the meanings ascribed to them in the Debtor's Amended Plan of Reorganization Dated February 17, 2011, unless otherwise defined herein.

govern the affairs of the Debtor on and after the Effective Date without further order of the Bankruptcy Court. Upon the effectiveness of this Order, the Debtor shall be and is hereby authorized to take such actions and execute such documents and instruments as may be necessary or appropriate to implement and consummate the Amended Plan according to its terms.

**C.    Cancellation of Instruments**. On the Effective Date, the Note shall be automatically cancelled and any Liens on the Property pursuant to the Deed of Trust shall be automatically discharged without further order of the Court. The Deed of Trust was recorded in the Official Records of Clark County, Nevada, on July 31, 2006, in Book No. 20060731 as Instrument No. 0003090. The Debtor is authorized to record this Order in the Official Records of Clark County, Nevada, and such recordation shall conclusively establish the complete reconveyance of the Deed of Trust without any further action by the Debtor, the Steering Committee, the Manager, the Lenders, or order of the Court.

**D.    Issuance of New Membership Interests**. The Debtor shall issue the Class A Membership Interests to the Lenders and the Class B Membership Interests to the Parent as required by the Amended Plan. Pursuant to section 1145(a) of the Bankruptcy Code, section 5 of the Securities Act of 1933 and any state or local law requiring registration for the offer or sale of a security or licensing of an issuer of, underwriter of, or broker or dealer in, a security shall not apply to the issuance of the Class A Membership Interest or the Class B Membership Interests. In addition, section 1125(e) shall apply to the solicitation of the Plan.

**E.    Governance and Management**. The initial Steering Committee shall be (i) Paul Robarts and (ii) Gerald Schaffer, who volunteered to serve on the initial Steering Committee, and two other individuals or representatives of entities who are Class A Members, the identities of which have not yet been determined. In addition, Thomas J. DeVore shall serve on the initial Steering Committee as the representative of LEHM, LLC, a Nevada limited liability company, which shall serve as the Manager of the Debtor. The initial Steering Committee is directed to promptly hold an election to appoint a permanent Steering Committee in accordance with the New Operating Agreement.

F.  **Release of Claims**.  On and after the Effective Date, the releases set forth in Section 5.10 of the Amended Plan shall be legally binding on the Lenders that voted in favor of the Amended Plan and, among other things, such Lenders shall be deemed to have released all of their claims against the Guarantor under the Guarantee.

G.  **Appointment of Estate Representative**.  On the Effective Date, the reorganized Debtor shall be appointed as estate representative under section 1123 of the Bankruptcy Code and shall be solely responsible for and shall have the authority to: (a) make all Distributions required to be made on or after the Effective Date to the holders of Allowed Claims; (b) settle, resolve and object to Claims; (c) pay all fees payable under 28 U.S.C. § 1930; (d) file any post-Confirmation reports required by the Bankruptcy Code or the Bankruptcy Court; (e) retain, employ and utilize such Professionals as may be necessary without further approval of the Bankruptcy Court; (f) do all things necessary and appropriate to fulfill the duties and obligations of the Debtor under the Amended Plan, the Confirmation Order, the Bankruptcy Code and the Bankruptcy Rules; and (g) move for the entry of a Final Decree and prepare and file any pleadings as may be required by the Bankruptcy Court in connection with the Final Decree and the closing of this case. The Debtor, in its capacity as estate representative, shall comply with all withholding and reporting requirements imposed upon it by any Governmental Unit under applicable law and all Distributions shall be subject to such withholding and reporting requirements, if any.

H.  **Administrative Claim Bar Date**.  Pursuant to Sections 2.2. and 2.3 of the Amended Plan, all holders of Administrative Claims, including, but not limited to, holders of Claims for Professional Fees and other persons requesting compensation for services rendered or reimbursement of expenses under Section 330 of the Bankruptcy Code, shall file such Claims on or before thirty (30) days after the Effective Date (the "Administrative Claims Bar Date"). If a holder of an Administrative Claim fails to file such Claim on or before the Administrative Claims Bar Date, such holder shall be forever barred from asserting such Claim against the Debtor.

I.  **Revesting of Assets**. Subject to the provisions of the Amended Plan and this Order, the property of the Estate, including, without limitation, the Property, shall vest in the Debtor on the Effective Date. As of the Effective Date, all such property, including, without limitation, the Property, shall be free and clear of all Claims, Liens and equity interests, including, without limitation, any claims arising from the Note, any Liens arising from the Deed of Trust and the Old Membership Units to the fullest extent permitted by section 1141(c) of the Bankruptcy Code. From and after the Effective Date, the Debtor shall be free of any restriction imposed by the Bankruptcy Court, the Bankruptcy Code and the Bankruptcy Rules, other than the obligations set forth in the Amended Plan or this Order.

J.  **Discharge of the Debtor**. Except as provided in the Amended Plan or this Order, the rights afforded under the Amended Plan and the treatment of Claims and equity interests under the Amended Plan are in exchange for and in complete satisfaction, discharge, and release of, all Claims. Except as provided in the Amended Plan or this Order, Confirmation discharges the Debtor from all Claims or other debts that arose before the Effective Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not: (a) a proof of claim based on such debt is filed or deemed filed under Section 501 of the Bankruptcy Code; (b) a Claim based on such debt is Allowed under Section 502 of the Bankruptcy Code; or (c) the holder of a Claim based on such debt has accepted the Amended Plan.

K.  **Retention of Jurisdiction**. This Court shall retain jurisdiction over this case and all matters arising out of or related to this case to the fullest extent permissible under (i) Section 105(a) of the Bankruptcy Code, (ii) Bankruptcy Rule 3020(d), and (iii) Article 10 of the Amended Plan, and as otherwise necessary or useful to aid in the Confirmation and consummation of the Amended Plan.

L.  **Failure of the Effective Date**. If the Effective Date shall not occur when and as required by the Amended Plan, the Debtor and all other parties in interest shall be in the exact same position as if this Amended Plan had not been proposed or confirmed. Among other

things, the Amended Plan shall be null and void, this Order shall be deemed vacated and nothing contained in the Amended Plan or this Order shall: (a) constitute a waiver of any Claims against or equity interests in the Debtor or (b) prejudice in any manner the rights of the Debtor or any Creditor or equity interest holder.

      **M.**     **Construction of Order**. The failure to reference a particular provision of the Amended Plan in this Order shall not affect the validity or enforceability of such provision. Each provision of the Amended Plan shall be deemed authorized and approved by this Order, and shall have the same binding effect of every other provision of the Amended Plan, whether or not mentioned in this Order. This Order is a final order and the period in which an appeal must be filed shall commence upon entry hereof.

**IT IS SO ORDERED.**

###

SUBMITTED BY:

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO

By:    /s/ *Georganne W. Bradley*
      Georganne W. Bradley, Esq.
      8345 W. Sunset Rd., Ste. 250
      Las Vegas, NV 89113

Counsel for Debtor and Debtor-in-Possession,
A-NGAE1, LLC

## RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

    ___ The court has waived the requirement set forth in LR 9021(b)(1).

    _X_ No party appeared at the hearing or filed an objection to the motion.

    ___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

    ___ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

Submitted this 24th day of May, 2011 by:

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO


_/s/ Georganne W. Bradley_
Georganne W. Bradley (NV Bar No.1105)
8345 W. Sunset Road, Suite 250
Las Vegas, NV 89113

Attorneys for Debtor and Debtor-in-Possession
A-NGAE1, LLC

7